Good morning, Your Honors. May it please the Court, my name is Carmen Smarandoyo from the Federal Public Defender in San Francisco. I represent Mr. Shedrick Henry. I would like to reserve two minutes. Mr. Henry is seeking this Court's authorization to file a second or successive 2254 habeas petition. At this gatekeeping stage, his burden is low. According to Section 2244b-a, he must, as to one of his claims, make a prima facie showing that he relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. It makes sense that Mr. Henry's burden right now is so low. He's not asking Your Honors to decide the merits of his claim. He's only asking for the opportunity to litigate that claim in the district court. In other words, we're not asking Your Honor right now to declare California's second degree felony murder rule to be unconstitutionally vague just for the opportunity to put forward that argument before the district court. And Your Honor's ruling authorizing Mr. Henry's petition would have no binding precedent outside the SOS context and would have no preclusive effect on the district court. Yes, Your Honor. You're asking for an application of the Supreme Court cases that involve federal statutes to be applied to a state court statute. That's correct, Your Honor. Is there any authority where that's been done yet? No, I'm not aware of a case that has already done that, but that's not a problem. You have a right to try to be the first, that's right. You have the right to be the first. That troubled me, too. I think she really hit the nail on the head on that question. Is there any reason that the analysis should be different if we're applying these federal cases to a state interpretation of a state law versus a federal law? No, Your Honor. Both criminal defendants, both in the state, criminal state system and the federal system, are entitled to the same due process protections against vague criminal statutes or vague criminal laws. Because of the incorporation of the 14th Amendment that the standard is identical. The 14th Amendment actually has its own due process clause. They've been interpreted the same way. The Fifth Amendment and the 14th Amendment due process clause have been interpreted exactly the same way. And I would point out that in Johnson itself, the Supreme Court repeatedly relied on cases coming out of state litigation, cases dealing with vagueness of state statutes to reach its conclusion. I'm not aware of any authority that has ever made this distinction. And again, based on the parity of interpretation between the Fifth Amendment and the 14th Amendment, no such distinction should be made. Counsel, just to again confirm what I think you said, that a decision for us to permit the SOS to be filed would have no precedential effect. And it wouldn't involve us saying that there's a good vagueness claim. It's just us saying that there's enough here it should be looked into. And the district court should let him proceed and give us a ruling that he's made a prima facie showing that it warrants further scrutiny. That's correct, Your Honor. Because at this stage the standard is the prima facie showing that Your Honor's ruling cannot have binding effect even on the district court that would have to address that claim assuming that it gets to the merits of the claim under either the 2254 unreasonable standard if that applies or de novo if that doesn't apply. But in any event, Your Honor, that's correct. Your ruling would only accomplish this opportunity to litigate in the district court. And I take it in your view there's no question that the matters that you want to present relate to law that was handed down after the original, the first petition. I'm not sure that I understand your question. So what you're trying to raise in this petition, it relates to law that was not in existence when you filed the first petition. That's correct, Your Honor. Mr. Harry is relying on the Johnson decision that came down in 2015. His first habeas petition was in 2004 and Johnson obviously was not, was available at that time. And in the same vein, I think there is no debate in this case that Johnson is a new rule of constitutional law that Welch made Johnson retroactive to cases on collateral review. There is really, in my opinion, not much debate that Mr. Harry's claim of facial vagueness actually meets this very low prima facie standard. And, yes, Your Honor? No, thank you. And I realize that I have still four minutes, but unless Your Honors have further questions at this very moment, I would like to reserve my time. You may. Are there any further questions? No questions here. Thank you. Good morning. Gregory Ott for Respondent. May it please the Court. We don't disagree with the standard that's been stated here, but there's still a prima facie case that has to be made. It's not a merits decision, but there's still some substance to it. Well, it's at least an interesting question, isn't it? It is. And there are three or four other Ninth Circuit cases that are kind of in limbo or addressing basically the same issue. Doesn't it suggest that this is a pretty pervasive issue? Well, I don't know about the other cases in this Court. If they are on felony second-degree murder, there is one pending in the State Court that is before the Fourth District Court of Appeal, and I checked on the status of that yesterday. It's still pending. It's been briefed. But I don't know whether they'll have argument, and if so, when that will happen. But before we even get to Johnson, Mr. Henry can't make an as-applied challenge. Just looking at the case law, he committed an offense that was clearly identified by the Cal Supreme Court in a published decision as one that constituted an inherently dangerous felony for purposes of the second-degree felony murder rule. The Supreme Court in Hanson had said that the year before Mr. Henry committed the instant offense. That, in and of itself, defeats his vagueness as-applied challenge. It also defeats his ability to raise a vagueness challenge as to anyone else. On the subject of Johnson, the only similarity between these is you have a qualitative description instead of, let's say, a list of offenses. That's where it ends. But even Johnson says, look, there's plenty of language out there, qualitative language that's constitutional that we don't quibble with. The issue here isn't so much the language, but the approach that's used by the federal courts, which is a form of the categorical approach. And that, as the Court in Johnson said, is not tied to real-world facts or statutory elements. They say that at page 2257. On the same page, they say the inquiry is detached from the statutory elements. The California court's approach is tied completely to the statutory elements. That breeds consistency. They don't look at the facts of every particular case because, well, they won't always be the same. But those elements are spelled out in the statutes, and that's what they focus on in California, which is completely different from the form of categorical approach that is used by the federal courts. And that categorical approach also, as the Court in Johnson said, the fact that that's layered into the second fatal flaw, which is the uncertainty about how much risk it takes. Well, the Court said it's hard to tell again because we're looking at an idealized instance of this offense, not to the actions of the defendant in this case. Let me go back to what you said for a moment, that the question of whether he can, whether he's not able to challenge vagueness because it's clear as to him. In Holder, the Supreme Court said that it was immaterial in that case whether the law was unconstitutionally vague as to the defendant's conduct or clearly prescribed that conduct. Has that changed the law to where you can now raise a vagueness claim even though the statute is not vague as to your particular conduct? Is Holder the case that I quoted? Isn't that the case that I quoted? I thought so. That's why I'm raising the question. I thought that Holder said, and I believe I put this in my brief, that one who engages in conduct clearly prescribed cannot complain of vagueness as applied to others. That had been the law. And are you saying that that is still the law? That was my understanding. And if it's not, I apologize. That's clearly been the law up until recently. And I wondered if Holder gets some doubts on that.  If it has changed, my apologies, Your Honor. I thought it was still the law. Counsel, if I could interject a question. If we were to grant the application to file the SOS, all the arguments that you're making now could obviously be presented in your briefing and argument to the district court as to why his petition should should not prevail under Johnson. But at this point, why isn't there a sufficiently presented case to warrant sending the issue to the district court? Well, Your Honor, the line is not that clear. We're doing sort of, at this stage, it's a prima facie case. It's sort of a light merits briefing, I think. There has to be some substance to it, though. And I believe that we can see, looking at just Johnson, looking at the fact that he committed an offense that on paper, on the law at the time, was clearly an inherently dangerous felony. You're arguing that we should look at the merits, though. And I don't know that there's any, I don't know that we have any case that says that. And the language, I thought, of the statute says that he has to make a prima facie showing that his claim, quote, relies on a new rule of constitutional law made retroactive. And this seems to fit that formula. Your Honor, read literally, that's... That's right. That's right. But surely there's something more than simply citing a case. But if that's all he needs to do, is cite a case and say that's what I rely on, then he's certainly done that. But we say just even... But it raises a question. The case may be completely... The case may not support anything relevant. But here it does. It does, but I can equally at this stage cite authority, California authority, in the form of Hanson, saying that that clearly was proscribed. And so, okay, you have Johnson. We have Hanson that says that was inherently dangerous. So I appreciate... And the line is, to me, admittedly gray between... And I am asking you to look at the merits slightly. And to respond to your question, belatedly, Judge Gould, yes, these arguments will be made in more in-depth, obviously, if this were to go back. But I'm asking that it need not go back because I believe even at a superficial level that he can't meet a prima facie case. My earlier comments were you were citing Holder, but it was Johnson that I think cast in doubt those statements of Holder. So you correctly cited Holder for the rule that we've all been applying. But Johnson then comes on and says, I think that it no longer is necessary to show that the law is vague as to everybody or even as to this particular defendant. So my only question is whether the Holder opinion that you cited is still good law in the face of Johnson. It's a pretty major issue. And if there's uncertainty about that, isn't that a pretty compelling issue that our court ought to address? Let me take the first part of it first. I think that they're two different issues. I do know what you're talking about. The court in Johnson said you do not have to show that it is vague in every single application. And went even further and said, and even perhaps as to you. In order to raise an as-applied challenge? A vagueness issue. A vagueness issue as applied, yeah. I mean, what I'm saying is that that is, you could read the Johnson language to say that that is a pretty big change that affects lots and lots of cases. And as long as it is ambiguous, isn't that a pretty compelling argument? If nothing else, to have this case resolved. I don't think it's sufficient to have it resolved, but I'm not sure I agree with the interpretation of it. If they're saying that you can bring a vagueness challenge, an as-applied vagueness challenge, even though as-applied it's not vague, I don't agree that they have stated that as the law. I believe that what they said, the way I would interpret that, is that you could still bring a facial challenge, but not an as-and-applied. I can't imagine how you can bring an as-and-applied if as-and-applied it's not vague. Well, I guess that's what, that's really what case law has to do. And if I, and let me add, if I misrepresented the law in some way, and had a quotation, I apologize. No, you didn't, no, no. All I was suggesting was that when you had been reciting to the earlier case, I was just suggesting that maybe Johnson cast some doubts on the validity of the case you were relying on. Okay. Okay. No, I don't, I'm not suggesting you didn't accurately cite the prior case. You certainly did. Thank you, Your Honor. Use your time. Are there any further questions? Judge Goldberg. Thank you. No questions. Thank you. Counsel. Thank you, Your Honor. Very, very briefly. Judge. Counsel. Yes. Let me just ask you, at some point in your discussion, just please touch on whether your client is only making an as-applied challenge, or is also seeking to make a facial challenge, and whether that makes a difference. Your Honor, both us and the State has interpreted Mr. Henry's initial petition, which we have amended, to include both an as-applied and a facial challenge. As I mentioned, at this stage, he only has to make a prima facie showing as to one of his claims. That showing has been plenty made as to his facial challenge. And to Judge Ebell's questions about whether Johnson actually changed the law on vagueness challenges, I think that's actually very, very accurate. Justice Alito, in his dissent, actually complained at length about this change in the law. And if the words of Johnson would not be enough, it's also clear from its analysis that in the context of a facial challenge, at least when it comes to criminal statutes that are challenged as unconstitutionally vague, there is no need to show that it is unconstitutional as applied to the challenge. Are you in effect conceding that the Hansen case precludes the holding in the California Supreme Court in Hansen effectively precludes an as-applied challenge here? I do not, Your Honor, and let me explain why. The due process challenges in this context are actually premised on two separate concerns. One concern is notice. The other concern is arbitrary enforcement, either by law enforcement or by courts. Hansen itself is the result of a process that has been arbitrary. So even if Hansen can provide notice, it does not take care of the arbitrary enforcement concern, which is equally important in the due process context. And I would conclude by saying that we have more than cited Johnson in this case. We have made a very strong showing that Mr. Henry is entitled to pursue his claim before the district court, and I would respectfully request that you authorize his petition. And you'd like us to authorize his petition, but reserve judgment to express no view on any of these intriguing merits issues, except to say he's made a prima facie claim? Obviously, I cannot tell Your Honors how to approach this, but you do not have to do that. Okay. Thank you. Thank you, counsel. I think we need you at the United Nations. Thank you. The court appreciates the quality of the arguments presented in the case. Thank you. And the case just argued is submitted for decision. We'll hear the next case on the calendar, which is Millennium Drilling versus Beverly House Meyers. At all.
judges: Ebel, Schroeder, Gould